## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| In re: Eric and Autumn Martin<br>Debtors. | Case No. 05 - 77447<br><br>Chapter 7<br>Judge Manuel Barbosa |

### MEMORANDUM OPINION DENYING THE
### DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY

This matter is before the Court on the debtors' motion to enforce the automatic stay. The parties submitted briefs and this Court previously issued an oral ruling in open court on April 17, 2006. For the reasons set forth below, the debtors' motion is denied.

### NATURE OF CASE

The debtors filed their petition for bankruptcy under chapter 7 of the Code on October 15, 2005. At the time of the filing, the debtor, Autumn Martin ("Martin"), was indebted to two separate parties as a result of an automobile accident in which she was uninsured. The two parties, as well as the Illinois Secretary of State ("Secretary"), were listed on the debtors' schedules at the time of filing. On October 4, 2005, the Secretary sent Martin a notice of suspension of her license (said notice is attached as an exhibit to the secretary of state's response). The notice of suspension stated that the date of suspension was October 25, 2005, which was ten days after the filing date.

The Secretary asserts that the suspension was effective as early as October 4, 2005, and that the October 25th date is the effective date of cancellation. It is the position of the Secretary that the Illinois safety and financial responsibility law (625 ILCS 5/7-310 and 625 ILCS 5/7-315) requires Martin to provide a certificate of proof of

financial responsibility before reinstatement of her driver's license. The relevant portion

of section 7-310 states as follows: "A petition filed in bankruptcy following the rendering

of any judgment shall relieve the judgment debtor from the requirements of this chapter

7, except that the judgment debtor's drivers's license shall remain suspended and may

not be renewed until the judgment debtor gives proof of his/her financial responsibility in

the future." It is Martin's argument that the use of the language "shall remain

suspended" is a clear indication that the license must have already been suspended at

the time that this section becomes operative. It is Martin's position that because she

filed her bankruptcy petition prior to October 25, the suspension should never have

gone into effect.

The Secretary argues that the requirement for insurance under the

circumstances, known as SR-22, is an important means of implementing the policy of

avoiding accidents by uninsured drivers. It is argued that the provision is a crucial

component of the safety and financial responsibility law and constitutes a reasonable

exercise of the state regulatory power, although there is no express argument that it

falls within an exception to the automatic stay. It is further argued that the Secretary is

neither collecting an unsatisfied judgment nor will the agency receive any funds by

virtue of the SR-22 obligation.

## DISCUSSION

All of the cases this Court was able to locate involve pre-petition action on the

part of the Secretary for which the debtor sought post-petition relief. In those cases, the

courts held that the mere refusal to lift the suspension of a driver's license where there

is no action to collect a debt does not violate the automatic stay. *See e.g. In re*

2

*Raphael*, 238 B.R. 69, 78 (D.N.J. 1999); *In re Geiger*, 143 B.R. 30 (E.D. Penn. 1992)

*affirm'd* 993 F.2d 224 (3d Cir. 1993). The *Geiger* court further held that a driver's

license is a privilege and not property of the estate. Thus, failure to reinstate a driver's

license is not an exercise of control over property of the estate. Some cases hold that

where the government agency has taken all the necessary steps to enforce its

regulatory powers pre-petition, then the consequences of such enforcement do not

violate the automatic stay. *See In re Kimsey*, 263 B.R. 244, 247 (Bankr. E.D. Ark

2001).

In this regard, the Secretary argues that the effective date of the suspension was

pre-petition, the date the notice was mailed, October 4, 2005. However, the formal

notice of suspension, Ex. A attached to the responsive pleading, clearly indicates that

the date of suspension was October 25, 2005. Thus, on the question of timing, the

Martin's position appears to be the correct one.

There is, however, a question whether the present case falls within § 362(b)(4),

wherein the enforcement of a governmental unit's police or regulatory power is

excepted from the automatic stay. Section 362(b)(4) provides in relevant part: " the

filing of a petition under section 301, 301 or 303 of this title does not operate as a

stay ... of the commencement or continuation of an action or proceeding by a

governmental unit to enforce such governmental unit's police or regulatory power."

Courts have held that environmental protection, consumer laws and employment and

labor protection laws are exempt from the automatic stay. *See NLRB v. P\*I\*E*

*Nationwide, Inc.* 923 F.2d 506, 512 (7th Cir. 1991). In these situations, some courts

have even allowed the entry of a money judgment as long as the proceedings do not
entail collection from the estate. *Securities and Exchange Comm'n v. Brennan*, 230
F.3d 65, 71 (2nd Cir. 2000). Also, because the exception is self-executing, a
government agency in the exercise of its police or regulatory power is not required to
motion the court for relief from the stay prior to continuing any enforcement action. *US
v. Acme Solvent Reclaiming Inc.*, 154 B.R. 72, 73 (N.D. Ill. 1993).

In determining whether a particular action is a regulatory action or the vindication
of a private right through collection of a judgment, some courts have looked at the effect
of the enforcement action. Prior to the filing of the debtors' petition, Martin could have
reasonably argued that the Secretary's threat of suspension was calculated to force her
to pay the obligation to the other party involved in the accident, since such payment
would have avoided the suspension. However, once Martin filed a bankruptcy petition,
the only remaining obligation is the same of that of every other driver in the state of
Illinois--the requirement to insure one's motor vehicle.

Martin may also argue that the SR-22 type of insurance is more expensive and,
thus, an added burden. To the extent that this is so, it is merely a collateral
consequence of her prior driving record. Bankruptcy may discharge the monetary
obligation arising from her accident, but it cannot remove all of the collateral
consequences of having had an accident while uninsured. A prospective exemption
from the Illinois Vehicle Code is not part of a debtor's fresh start. All Illinois drivers are
obligated to carry insurance on their vehicles. Some may pay more based upon their
driving record and any additional cost of the SR-22 coverage is likewise a consequence
of a debtor's driving record. It has been pointed out that Congress intended section

4

362(b)(4) "to have a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate." *In Re Finley*, 237 BR 890, 895 (Bankr. N.D Miss.1999)(citing 124 Cong. Rec. H 11092, H11093 (Sept. 28,1978)). While one may argue that insurance is always about protecting a pecuniary interest, that is not the case with respect to a bankruptcy estate in which the underlying obligation is being discharged. The burden of insurance is the uniformly imposed price for the privilege of obtaining a driver's licence in the state of Illinois.

Thus, this Court finds that the Secretary's action in imposing the post-petition suspension is a proper exercise of regulatory power which falls under the section 362(b)(4) exception to the automatic stay. The regulation of the driving privilege, to the extent that the state will impose a safety responsibility obligation on one who has already had an uninsured accident is a reasonable exercise of the police and regulatory power. For all the foregoing reasons, the debtors' motion is denied.

Signed:   **MAY 1 5 2006**

MANUEL BARBOSA
United States Bankruptcy Judge

5

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the attached Memorandum Opinion Denying the Motion to Enforce the Automatic Stay has been served via First Class Mail on May 15, 2006 to:

Attorney Nathan E. Curtis
Law Offices of Peter Geraci
55 E. Monroe St., Suite 3400
Chicago, IL 60603

Attorney Joshua G. Rodin
Assistant Illinois Attorney General
100 W. Randolph St., 13th Fl.
Chicago, IL 60601

Attorney Stephen G. Balsley, Trustee
6833 Stalter Drive
Rockford, IL 61108

U. S. Trustee
780 Regent Street, Suite 304
Madison, Wisconsin 53715

Mimi Kuczynski, Judicial Assistant